IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

**GLEN KERLEY**                                                              **PLAINTIFF**

vs.                                         CAUSE NO. A2402-2018-35

**TORRENCE "LITTLE BOOSIE" HATCH;
LARRY ANDERSON; JOHN AND
JANE DOES 1-10; XYZ COMPANIES 1-10**                        **DEFENDANTS**



FILED
APR 06 2018
CONNIE LADNER
CIRCUIT CLERK
BY: _____ D.C.

**COMPLAINT
JURY TRIAL DEMANDED**

COMES NOW Glen Kerley, through his attorney, David Krause of Krause Lawdog, LLC, and files this Complaint against the Defendants as follows:

## 1. PARTIES

a.   Glen Kerley is an adult resident of Jackson County, Mississippi.

b.   Torrence "Little Boosie" Hatch is an adult resident citizen of Atlanta, Georgia.

c.   Larry Anderson is an adult resident citizen of Baton Rouge, Louisiana.

d.   John and Jane Does 1-10 are unknown individuals who may have caused or contributed to the events described herein which proximately caused the Plaintiff's damages. All allegations in this Complaint are incorporated by reference against John and Jane Does 1-10. Such individuals will be joined in this action in accordance with the Rules of Civil Procedure upon discovery of their identities.

e.   XYZ Companies 1-10 are unknown companies who may have caused or contributed to the events described herein which proximately caused the Plaintiffs damages. All allegations in this Complaint are incorporated by reference against XYZ



EXHIBIT "A"

Companies 1-10. Such companies will be joined in this action in accordance with the Rules of Civil Procedure upon discovery of their identities.

## 2. JURISDICTION AND VENUE

This Court has jurisdiction over this action since the incident at issue occurred within the Second Judicial District, and this court is also the proper venue.

## 3. FACTS

1. On April 9, 2017, the Plaintiff was assaulted and battered by the Defendants and/or each of them.

2. The Plaintiff, in the course and scope of his employment with Dillards, Inc., responded to a crowd of men, including the Defendants, who were entering Dillards from inside the mall.

3. The men were being evicted from the mall, and were in an excited, agitated state.

4. The Plaintiff met the men near the perfume counters, inside Dillards, near the entrance from inside the mall.

5. The Plaintiff attempted to have the Defendants and the others continue to move through the store in order to have them exit through the south exit of Dillards.

6. The Defendants were combative, and refused to obey the Plaintiff's directions to continue to move toward the south exit.

7. The Defendants and/or each of them attempted to provoke the Plaintiff into fighting him near the perfume counter.

8. The Defendants and/or each of them attempted to fight the Plaintiff.

9. The Plaintiff employed pepper spray on the provocateur in order to diffuse the fight.

10. The Plaintiff managed to get the Defendants to the south entrance.

11. Near the south entrance, the Defendants and/or each of them repeatedly punched the Plaintiff.

12. The Plaintiff did not attempt to strike the Defendants, despite having been punched by them and/or each of them.

13. While the Plaintiff was in the atrium, between the inner and outer doors at the south exit, the Defendants and/or each of them again punched him. The Defendants and/or each of them then ran outside the south exit.

14. The Plaintiff's sole concern during the entire incident was getting the Defendants out of Dillards so as to not put Dillards employees and customers at risk of being harmed, because the Defendants intended to harm the Plaintiff and/or others.

15. The Plaintiff pursued in order to arrest the Defendants and/or each of them.

16. Once the Plaintiff was outside the south exit, the Defendants attacked him, knocked him down and hit and kicked him repeatedly, severely injuring him.

17. The Defendants also dragged him on the cement during their attack.

18. The Plaintiff was taken to the hospital and treated for injuries caused by the attack.

## Count 1: Assault

20. The Plaintiff repeats, re-alleges and reasserts every preceding and proceeding allegation and/or averment as if fully stated herein.

21. The Defendants and/or each of them intended to cause harmful and/or offensive contact with the Plaintiff, and/or an imminent apprehension of such contact and the Plaintiff was put in such imminent apprehension.

22. As a result, the Plaintiff suffered injuries and damages.

## Count 2: Battery

23. The Plaintiff repeats, re-alleges and reasserts every preceding and proceeding allegation and/or averment as if fully stated herein.

24. During the assault of the Plaintiff, the Defendants and/or each of them made harmful contact, repeatedly, with the Plaintiff.

25. As a result, the Plaintiff suffered injuries and damages.

## Count 3: Intentional Infliction of Emotional Distress

26. The Plaintiff repeats, re-alleges and reasserts every preceding and proceeding allegation and/or averment as if fully stated herein.

27. The Defendants' and/or each of their conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. As a direct and proximate result of that conduct, the Plaintiff experienced physical and emotional pain and suffering.

## Count 4: Civil Conspiracy

28. The Plaintiff repeats, re-alleges and reasserts every preceding and proceeding allegation and/or averment as if fully stated herein.

29. The Defendants conspired to assault and batter the Plaintiff; their actions were unlawful and overt, they agreed to this action, carried it out, and the Plaintiff was severly injured as a direct and proximate result.

### Count 5: Negligent Infliction of Emotional Distress

30. The Plaintiff repeats, re-alleges and reasserts every preceding and proceeding allegation and/or averment as if fully stated herein.

31. The Defendants and/or each of them negligently inflicted emotional distress on the Plaintiff by their actions and/or failure to intervene in the assault and battery of the Plaintiff, and the Plaintiff suffered physical harm as a result.

### Count 6: Negligence

32. The Plaintiff repeats, re-alleges and reasserts every preceding and proceeding allegation and/or averment as if fully stated herein.

33. The Defendants, and/or each of them had a duty to not harm the Plaintiff; they and/or each of them breached that duty by their actions and/or omissions and/or failure to intervene, and the Plaintiff suffered injuries and damages as a direct and proximate result.

### Count 7: Gross Negligence

34. The Plaintiff repeats, re-alleges and reasserts every preceding and proceeding allegation and/or averment as if fully stated herein.

35. The Defendants, and/or each of them, acted with that course of conduct which, under the particular circumstances, discloses a reckless indifference to consequences without the exertion of any substantial effort to avoid them, and were therefore grossly negligent toward the Plaintiff, and the Plaintiff suffered injury and damages as a direct and proximate result.

### Count 8: Vicarious Liability/*Respondeat Superior*

36. The Plaintiff repeats, re-alleges and reasserts every preceding and proceeding allegation and/or averment as if fully stated herein.

37. The Defendants and/or each of them acted within the course and scope of their employment with Mr. Hatch when they assaulted and battered the Plaintiff;

38. The assault and battery was condoned and/or consented to by Mr. Hatch;

39. As previously stated herein, Mr. Hatch participated in the assault and battery;

40. The assault and battery is the kind of action Mr. Hatch's employees were employed to perform;

41. The assault and battery by Hatch's employees was done, in part at least, to serve Hatch;

42. The actions were not unexpected by Hatch;

43. The Plaintiff suffered injury and damage as a result;

44. Hatch is liable for the conduct of his employees.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff respectfully requests that judgment be rendered in his favor against the Defendant for damages including, but not limited to the following:

a. actual damages

b. compensatory damages

c. consequential damages

d. incidental damages

e. punitive damages

f. pre-judgment interest

g. post-judgment interest

h. attorney fees

i. costs and expenses

h. all other relief deemed just and necessary by the Court.

Respectfully submitted this the 6th day of April, 2018.

Glen Kerley, Plaintiff

BY: _____
David Krause, Attorney for Plaintiff

DAVID KRAUSE   MS Bar 101188
KRAUSE LAWDOG, LLC

P.O. Box 646
Ocean Springs, MS 39566

1216 Government Street
Ocean Springs, MS 39564
phone (228) 235-1587
krause@law-dog.com

UPO

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court — Form AOC/01
Administrative Office of Courts — (Rev 2016)

In the **CIRCUIT** Court of **HARRISON** County — **2ND** Judicial District

**Origin of Suit** (Place an "X" in one box only)
- [X] Initial Filing
- [ ] Reinstated
- [ ] Foreign Judgment Enrolled
- [ ] Transfer from Other court
- [ ] Other
- [ ] Remanded
- [ ] Reopened
- [ ] Joining Suit/Action
- [ ] Appeal

**Plaintiff** - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

Individual: **KERLEY** (Last Name) **GLEN** (First Name)

Address of Plaintiff: **P.O. Box 646 Ocean Springs MS 39566**
Attorney (Name & Address): **DAVID KRAUSE - KRAUSE LAWDOG, LLC** MS Bar No. **101188**

**Defendant** - Name of Defendant - Enter Additional Defendants on Separate Form

Individual: **HATCH** (Last Name) **TORRENCE "LITTLE BOOSIE"** (First Name)

Attorney (Name & Address) - If Known: **ED A. FLECHAS**

Nature of Suit (Place an "X" in one box only):
- [X] Intentional Tort

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
## SECOND JUDICIAL DISTRICT

**GLEN KERLEY**                                                     **PLAINTIFF**

**VS.**                                            CAUSE NO. A2402-2018-35

**TORRENCE "LITTLE BOOSIE" HATCH;**
**LARRY ANDERSON; JOHN AND**
**JANE DOES 1-10; XYZ COMPANIES 1-10**                **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI
COUNTY OF HARRISON

You are hereby commanded to Summons:

Torrence "Little Boosie" Hatch
Wherever he may be found in Mississippi, Louisiana or Georgia

### NOTICE TO DEFENDANT:

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS BY FILING YOUR ANSWER OR RESPONSE TO SAID COMPLAINT AS PROVIDED BY LAW AND/OR THE MISSISSIPPI RULES OF CIVIL PROCEDURE.

YOUR ANSWER OR RESPONSE TO THE COMPLAINT ATTACHED HERETO MUST BE SERVED UPON THE UNDERSIGNED COUNSEL AS PROVIDED BY LAW AND/OR THE MISSISSIPPI RULES OF CIVIL PROCEDURE WITHIN 30 DAYS OF THE DATE YOU ARE SERVED AND A COPY OF YOUR ANSWER MUST BE FILED WITH THE CLERK OF THIS COURT WITHIN A REASONABLE TIME THEREAFTER, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

DAVID KRAUSE - BAR #101188          CONNIE LADNER
1216 Government Street                  CIRCUIT COURT CLERK
Ocean Springs, MS 39564                 P.O. BOX 325
(228) 235-1587                                BILOXI, MS 39533

                                                 By: _____
                                                 Date: 4-0-20__

# IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
## SECOND JUDICIAL DISTRICT

**GLEN KERLEY**                                                        **PLAINTIFF**

**vs.**                                            **CAUSE NO.** A2402-2018-35

**TORRENCE "LITTLE BOOSIE" HATCH;**
**LARRY ANDERSON; JOHN AND**
**JANE DOES 1-10; XYZ COMPANIES 1-10**                  **DEFENDANTS**

## SUMMONS

**THE STATE OF MISSISSIPPI**
**COUNTY OF HARRISON**

You are hereby commanded to Summons:

    Larry Anderson
    Wherever he may be found in Mississippi, Louisiana, or Georgia

### NOTICE TO DEFENDANT:

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS BY FILING YOUR ANSWER OR RESPONSE TO SAID COMPLAINT AS PROVIDED BY LAW AND/OR THE MISSISSIPPI RULES OF CIVIL PROCEDURE.

YOUR ANSWER OR RESPONSE TO THE COMPLAINT ATTACHED HERETO MUST BE SERVED UPON THE UNDERSIGNED COUNSEL AS PROVIDED BY LAW AND/OR THE MISSISSIPPI RULES OF CIVIL PROCEDURE WITHIN 30 DAYS OF THE DATE YOU ARE SERVED AND A COPY OF YOUR ANSWER MUST BE FILED WITH THE CLERK OF THIS COURT WITHIN A REASONABLE TIME THEREAFTER, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

DAVID KRAUSE - BAR #101188          CONNIE LADNER
1216 Government Street                 CIRCUIT COURT CLERK
Ocean Springs, MS 39564               P.O. BOX 325
(228) 235-1587                                BILOXI, MS 39533

                                                   By: _____
                                                   Date: 4-6-2018

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

**GLEN KERLEY**                                                                      **PLAINTIFF**

**vs.**                                                      CAUSE NO. A2402-2018-35

**TORRENCE "LITTLE BOOSIE" HATCH;**
**LARRY ANDERSON; JOHN AND**
**JANE DOES 1-10; XYZ COMPANIES 1-10**           **DEFENDANTS**

---

### SUBPOENA DUCES TECUM

---

**STATE OF MISSISSIPPI**
**COUNTY OF HARRISON**

**TO ANY PROCESS SERVER:**    **GREETINGS**

                        **We command you to summon:**

                        **CITY OF BILOXI POLICE DEPARTMENT**
                        **Attn:   Chief John Miller**
                        **170 Porter Avenue**
                        **Biloxi, Mississippi**

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or at the law office of Krause Lawdog, LLC, 1216 Government Street, Ocean Springs, Mississippi 39564 ON OR BEFORE *ten days after service*, which concerns the incident that Biloxi Police responded to involving Torrence "Little Boosie" and/or Larry Anderson at Edgewater Mall, outside Dillards department store, on or about April 9, 2017:

1. Dash cam (audio and video) of patrolman on the scene of the incident;
2. Dash cam (audio and video) of all officers who responded and appeared on the scene;
3. Body cam (audio and video) of all officers who were present on the scene;
4. Dispatch report, call log, records of the incident, and any audio made;
5. All video surveillance obtained;
6. All evidence obtained
7. All other video and recorded media obtained, including photographs
8. Arrest record of Mr. Hatch
9. Arrest record of Mr. Anderson

1

10. Arrest record of any and all other persons involved, or purported to be involved in the incident.

HEREIN FAIL NOT, UNDER THE PENALTY IN SUCH CASE PROVIDED, and have you then and there this writ.
WITNESS MY SIGNATURE AND SEAL OF THIS OFFICE, this the 6TH day of APRIL, 20178.

DAVID KRAUSE - BAR #101188
1216 Government Street
Ocean Springs, MS 39564
(228) 235-1587

CONNIE LADNER, CIRCUIT CLERK
P.O. BOX 325
BILOXI, MS 39533

By: _____

4-6-2018